IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR.,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY A. HOLZ,<br><br>  Defendant.<br>_____ | No. C 07-0909 SBA (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SCREEN COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND DENYING PLAINTIFF'S (1) MOTIONS TO STRIKE AND (2) MOTION FOR RECUSAL**<br><br>(Docket nos. 2, 3, 4, 5) |

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison, filed this action as a civil action in the Del Norte County Superior Court, Henderson v. Holz, CV-UJ 06-1395.

On February 13, 2007, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b). Defendant, who is represented by the State Attorney General's Office, has filed a motion asking the Court to screen the complaint under 28 U.S.C. § 1915A.

Plaintiff objects to the removal of this action from state court by filing motions to strike Defendant's notice of removal and request to screen the complaint. Cases brought under 42 U.S.C. § 1983, as this one is, may properly be brought in either state or federal court. See Patsy v. Board of Regents of Florida, 457 U.S. 496, 506-07 (1982). However, a defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). The propriety of removal thus depends on whether the case originally could have been filed in federal court. See id. Removal does not require court action, but rather is effective upon the defendant's filing of a notice of removal. See 28 U.S.C. § 1446(d). Therefore, Plaintiff's objections have no merit. Because this case is filed by a prisoner, the Court must engage in a preliminary screening of the complaint.

Accordingly, Defendant's motion to screen the complaint (docket no. 2) is GRANTED, and Plaintiff's motions to strike (docket nos. 3, 4) are DENIED. The Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A in a separate written Order.

Also before the Court is Plaintiff's motion for recusal (docket no. 5). Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. United States v. Zagari, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976). Judicial rulings alone may constitute grounds for appeal, but almost never constitute valid basis for a bias or impartiality claim. Liteky v. United States, 114 S. Ct. 1147, 1157 (1994); Toth v. TWA, Inc., 862 F.2d 1381, 1387-88 (9th Cir. 1988).

Attached to Plaintiff's one-page motion for recusal is his affidavit, which states, "Plaintiff in the above case declare[s] on good faith and belief that Judge Saundra Brown Armstrong is prejudice[d] and that [he] cannot have a fair determination in this case." Plaintiff's motion was filed on February 26, 2007, and since then Plaintiff has not filed any other documents with the Court stating any reasons to justify recusal. Therefore, this Court finds that Plaintiff has demonstrated no grounds upon which to justify recusal.

Accordingly, Plaintiff's motion for recusal (docket no. 5) is DENIED.

This Order terminates Docket nos. 2, 3, 4 and 5.

IT IS SO ORDERED.

DATED:5/16/07

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON,

    Plaintiff,

v.

JEFFREY A HOLZ et al,

    Defendant.

Case Number: CV07-00909 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson
Pelican Bay State Prison
H-43488
P.O. Box 7500
Crescent City, CA 95531

Dated: May 17, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

3