IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON, SR.,

   Plaintiff,

 v.

JEFFREY A. HOLZ,

   Defendant.
                /

No. C 07-0909 SBA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

  Plaintiff Curtis Lee Henderson, Sr., a state prisoner currently incarcerated at Kern Valley State Prison, filed this pro se civil action in the Del Norte County Superior Court alleging various claims arising from his incarceration at Pelican Bay State Prison (PBSP). Defendant PBSP Correctional Officer Jeffrey A. Holz removed the action to this Court, pursuant to 28 U.S.C. § 1441. Thereafter, Plaintiff filed a motion for leave to file an amended complaint and attached his amended complaint. In an Order dated July 3, 2008, the Court granted Plaintiff's motion. The Court now reviews Plaintiff's amended complaint. Venue is proper in this district because the events giving rise to the action occurred at PBSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

## BACKGROUND

  The following factual summary is based on the allegations in Plaintiff's amended complaint, which are taken as true and construed in the light most favorable to Plaintiff for purposes of the Court's initial review of this action. See Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

  Plaintiff alleges that Defendant Holz violated his Fourteenth Amendment due process rights when Defendant Holz "on May 15, 2005 filed a false report that the Plaintiff committed battery on a peace officer." (Am. Compl. at 3.) Plaintiff alleges that he was "arrested" and "placed in a holding cell." (Id.) He further claims that "[a]t that time there was water on the floor," which caused Plaintiff to slip and fall. (Id.) He claims that his "injury was so serious that [he] was rushed to Sutter Coast Hospital." (Id.) He had a screw in his ankle from an injury when he was younger, and "because of this reinjury [sic] Plaintiff had to use a wheelchair, and then he had to use a leg brace for

more than a year." (Id.) Plaintiff claims that "[t]his injury was a direct result of this Defendant falsifying charges and having the Plaintiff arrested on that falsehood."[1] (Id. at 4.) Plaintiff also claims he "also suffered punishment as a direct result of the Defendants [sic] false accusation which led to the Plaintiffs [sic] immediate segregation . . . for more than a year before the resolution of the due process investigation and hearing." (Id.) Specifically, he claims he was placed in segregation on May 15, 2005 and released on May 24, 2006. He states, "This release took place before the hearing because prison official[s] realized the falsehood of the charge through investigation." (Id.) On July 4, 2006, he was found not guilty of the charge of battery on a peace officer. (Id. (citing Log. no. A06-06-0007 CDCR 115).)

Plaintiff also alleges that Defendant Holz "also falsified a second charge 3 days after the first falsehood . . . ." (Id.) On May 18, 2005,[2] Plaintiff was falsely charged with possession of alcohol. (Id.) He claims that charge was "immediatly [sic] dismissed" on June 14, 2005. (Id.) He claims that "these charges were ordered to be removed out of [his] file." (Id. (citing Log no. A05-05-0088 CDCR 115).)

Finally, Plaintiff clarifies his claim, stating:

> [Plaintiff] does not contend that the prison wrongfully punished him in advance of the hearings in which he was found not guilty, but rather that the Defendant wrongfully engineered his punishment by fabricating serious charges knowing that the falsehood would lead to the Plaintiffs [sic] immediate placement in the hole without any intervening hearing.

---

[1] The Court notes that Plaintiff merely names Defendant Holz as the individual responsible for his injuries; however, Plaintiff has not alleged sufficient facts to establish causation. Moreover, the Court finds unavailing Plaintiff's argument that his injuries were a "direct result" of Defendant Holz filing false charges against him. Therefore, Plaintiff's claim against Defendant Holz relating to his injuries is DISMISSED for failure to state a claim. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right). In any event, the Court notes that Plaintiff alleges in his complaint that he was injured when he slipped and fell while he was housed in administrative segregation. However, his complaint does not include a claim of deliberate indifference to his health and safety in violation of the Eighth Amendment. Even if he alleged such a claim, the Court finds that his allegations regarding his slip and fall are DISMISSED because they amount to no more than negligence, which is not actionable under § 1983. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994) (neither negligence nor gross negligence is actionable under § 1983 in the prison context).

[2] The Court notes a discrepancy in the dates in the complaint because Plaintiff states that the second false charge was made by Defendant Holz on "5/18/06." (Am. Comp. at 4.) However, if the charge was made three days after May 15, 2005, then the correct date is May 18, 2005.

(Id.)

Plaintiff seeks compensatory and punitive damages, and a declaratory judgment.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claims

#### A. Fabricating Charges

Plaintiff alleges that he was denied his due process rights when he was falsely charged by Defendant Holz with battery on a peace officer and possession of alcohol. Plaintiff claims that he was eventually found not guilty of the battery charge and that the charge of possession of alcohol was dropped prior to the hearing.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Moreover, the fact that a prisoner may have been innocent of the charges does not raise a due process issue. The Constitution demands due

3

process, not error-free decision-making. See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994). Here, the record shows that Plaintiff was afforded a disciplinary hearing on the battery charge, and he was found not guilty. Meanwhile, the other charge of possession of alcohol was dismissed in less than a month -- before a hearing could take place. Therefore, the allegations that Plaintiff was falsely charged by Defendant Holz fail to state a claim for relief, and this claim is DISMISSED.

### B.     Administrative Segregation

Plaintiff also essentially claims that his placement in administrative segregation from May 15, 2005 to May 24, 2006 while he was awaiting a hearing on the charges made by Defendant Holz violated his due process rights because these charges turned out to be false.

Interests that are procedurally protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)).

The hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself. See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987), abrogated on other grounds by Sandin, 515 U.S. 472. Further, in Madrid v. Gomez, 889 F. Supp. 1146, (N.D. Cal. 1995), the district court specifically held that the Due Process Clause itself does not protect a prisoner's interest in not being placed in administrative segregation. See id. at 1271.

Deprivations that are less severe or more closely related to the expected conditions of confinement may also amount to deprivations of a procedurally protected liberty interest, provided (1) that state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) that the liberty in question is one of "real substance." See Sandin at 515 U.S. at 477-87. "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,"

4

1 id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.
2 Allegations by a prisoner that he was denied due process in conjunction with a disciplinary
3 proceeding do not present a constitutionally cognizable claim, however, unless the deprivation
4 suffered is one of "real substance" as defined in Sandin.

5       Placement in segregation pending investigation of disciplinary charges does not implicate a
6 protected liberty interest absent a showing that the conditions of confinement constituted an
7 "atypical and significant hardship" "in relation to the ordinary incidents of prison life." Resnick v.
8 Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000) (quoting Sandin); see also May v. Baldwin, 109 F.3d
9 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim
10 after Sandin); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (loss of mere opportunity to earn
11 good time credits because of placement in administrative segregation does not create protected
12 liberty interest). Sandin requires a factual comparison between conditions in the plaintiff's former
13 status and his new status, examining the hardship caused by the challenged action in relation to the
14 basic conditions of life as a prisoner. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).

15       Here, Plaintiff's placement in segregation pending investigation of the disciplinary charges
16 made by Defendant Holz does not implicate a protected liberty interest because Plaintiff has failed to
17 show that the conditions of his confinement constituted an "atypical and significant hardship" "in
18 relation to the ordinary incidents of prison life." See Resnick, 213 F.3d at 448-49 (quoting Sandin).
19 Furthermore, Plaintiff stresses that he "does not contend that the prison wrongfully punished him in
20 advance of the hearings in which he was found not guilty . . . ." (Am. Compl. at 4.) Plaintiff has
21 failed to state a claim regarding his placement in administrative segregation because the complaint
22 does not allege that the deprivation Plaintiff suffered is one of "real substance" as defined in Sandin.
23 Therefore, Plaintiff's due process claim related to his administrative segregation is DISMISSED for
24 failure to state a claim for relief.

25       As mentioned above, to state a claim under § 1983, Plaintiff must first allege that a right
26 protected by the Constitution or laws of the United States was violated. For the reasons above, the
27 Court finds that Plaintiff has not done so in his complaint. Accordingly, Plaintiff's complaint is
28 DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

5

**CONCLUSION**

In light of the foregoing, Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 9/1/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Henderson0909.dismiss.frm

6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON,

        Plaintiff,

  v.

JEFFREY A HOLZ et al,

        Defendant.

Case Number: CV07-00909 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 2, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
Kern Valley State Prison
P.O. Box 5101
Delano, CA 93216

Dated: September 2, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Henderson0909.dismiss.frm

7